IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00644-RJC
(3:14-cr-00037-RJC-1)

| | |
|---|---|
| ERNESTO GARCIA VASQUEZ, )<br>*Also known as* FRANCISCO ERNESTO )<br>GARCIA-LOPEZ, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. )<br> ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I.  BACKGROUND

On July 3, 2014, Petitioner pleaded guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute and the distribution of at least one kilogram of heroin, in violation of 21 U.S.C. § 846 (Count One). In exchange for Petitioner's plea, the Government agreed to dismiss the remaining counts in his indictment. The plea agreement also provided that its terms were contingent upon the acceptance of pleas to one count of conspiracy to distribute and possess with intent to distribute one kilogram of heroin, in Case No. 3:14-cr-00013-RJC; and one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a) in Case No. 3:13-cr-00303-RJC, both of which charges were pending in this District. (3:14-cr-00037, Doc. No. 34: Plea Agreement; Doc. No. 36: Acceptance and Entry of Guilty Plea).

1

In Petitioner's presentence report (PSR), the probation officer calculated a total offense level of 33, which included a two-level enhancement for being an organizer, leader, manager, or supervisor in the heroin distribution conspiracy, pursuant to § 3B1.1(c) of the U.S. Sentencing Guidelines Manual (USSG) (2014), and with a criminal history category of II, Petitioner's Guidelines range was 151-188 months' imprisonment. On May 27, 2015, Petitioner was sentenced to a term of 168-months' imprisonment and he did not appeal. (Id., Doc. No. 46: Judgment).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

In this collateral proceeding, Petitioner contends he is entitled to sentencing relief based on Amendment 794 to § 3B1.2 of the Guidelines. (3:16-cv-00644, Doc. No. 1: Motion to Vacate at 2, 5). Amendment 794 altered the Commentary to § 3B1.2 of the Guidelines to address what the Commission considered an inconsistent application of the mitigating role reduction for low-level offenders. In particular, the amendment added a non-exhaustive list for the court to consider when determining whether to apply a reduction, and if the court found the guideline applicable, to what extent it should be applied to the guidelines calculation. See USSG § 3B1.2

2

cmt. n.3(C) (2015). The Commission made the amendment effective for defendants sentenced on or after November 1, 2015. As noted, Petitioner was sentenced on May 27, 2015.

The Antiterrorism and Effective Death Penalty Act provides, in relevant part, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's criminal judgment was filed on June 12, 2015, and he did not appeal; therefore his judgment became final fourteen days later on Friday, June 26th. Petitioner's § 2255 Motion to Vacate was filed on August 16, 2016, at the earliest, which is the date he avers that he placed the motion in the prison's mailing system. See Houston v. Lack, 487 U.S. 266, 276 (1988). (Motion to Vacate at 6).

Petitioner explains that his Motion to Vacate is timely, however, because it was filed within one year from the date Amendment 794 became effective. This argument is without merit, first because the amendment does not represent a right that was recognized by the Supreme Court that is retroactive to cases on collateral review, and second, because Amendment 794, by

3

its very terms, is only applicable to defendants that were sentenced on or after November 1, 2015.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is untimely and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and **DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is directed to close this civil case.

**SO ORDERED**.

Signed: September 26, 2016

Robert J. Conrad, Jr.
United States District Judge